IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUALITY KING DISTRIBUTERS, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No.   20 CV 2145 |
| ) | |
| CELTIC INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(§6)**

Now Comes Defendant, CELTIC INTERNATIONAL, LLC, by its attorneys, ORLEANS CANTY NOVY, LLC, and for its Rule 12(b)(6) Motion to Dismiss, states as follows:

## I.    INTRODUCTION

Plaintiff, QUALITY KING DISTRIBUTERS, INC ("Plaintiff") filed a Complaint for Damages in the State of Illinois, Circuit Court of Cook County, against Defendant, CELTIC INTERNATIONAL, LLC ("CELTIC") arising from alleged missing cargo transported by motor carrier in interstate commerce[1]. (A copy of Plaintiff's Complaint is attached as Exhibit 1, including Group Exhibits A and B to the Complaint).  Subsequent to appearing and demanding trial by jury, on April 6, 2020, CELTIC removed this action to the United States District Court, Northern District of Illinois, pursuant to 28 USC § 1441, § 1446, § 1445(b), and 49 U.S.C. § 14501(c)(1). (See, Document #5).

Specifically, because Plaintiff's apparent cause of action arises from damages arising from the transportation of cargo in interstate commerce, the case is governed exclusively by the Federal Carmack Amendment to the Interstate Commerce Commission Act.  49 U.S.C. § 14706

---

[1] It appears that Plaintiff is claiming losses of multiple shipments (referenced as Group Exhibits A and B) in its Complaint.  Thus, CELTIC references the shipments as "Group Exhibit A" and "Group Exhibit B" in this Motion as identified in Plaintiff's Complaint.

("Carmack Amendment"). Indeed, Plaintiff's claims for liability against the CELTIC, the available damages, and Defendant's defenses are governed exclusively by the Carmack Amendment and all other State or common law causes of action are preempted. See, *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412 (7th Cir. 1987). Therefore, Plaintiff's Complaint, which only pleads common law claims premised in breach of contract, fails to state a cause of action and must be dismissed.

Alternatively, even if Plaintiff's Complaint is construed as appropriately pleading its Carmack claims, the action fails to state a cause of action against CELTIC, a freight broker, and not a motor carrier. To be sure, the Carmack Amendment applies to a shipper's claim against a motor carrier, not a freight broker. In this instance, Plaintiff alleges that CELTIC brokered the alleged missing freight to a motor carrier, GSN Trucking. Indeed, the multiple Bills of Lading attached to Plaintiff's Complaint specifically identify GSN Trucking as the motor carrier. Accordingly, Plaintiff cannot state a claim against CELTIC under the Carmack Amendment and its Complaint should be dismissed with prejudice as to CELTIC.

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that:

> every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> **
> (6) failure to state a claim upon which relief can be granted.

Fed R. Civ. P. 12(b)(6). At most, Plaintiff's case may only be construed as a Carmack Amendment claim. Accordingly, it must only be pled as such and seek damages allowable under the Carmack Amendment and authoritative case law. Moreover, once confined to the Carmack Amendment, Plaintiff cannot state a claim upon which relief can be granted against this Defendant, freight broker.

### III.   ARGUMENT

**A.   The Carmack Amendment provides the exclusive cause of action for Plaintiff's claim for loss due to the shipment of the cargo in interstate commerce and preempts Plaintiff's common law breach of contract claims.**

The Carmack Amendment preempts all the claims pled by the Plaintiff. The Plaintiff's Complaint consists of two counts of Breach of Contract. Neither Count states a claim upon which relief can be granted under the Carmack Amendment.

The Carmack Amendment provides that:

> (1)…A carrier providing transportation or service…shall issue a receipt or bill of lading for property it receives for transportation….That carrier and any other carrier that delivers the property and is providing transportation or service…are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported….

49 U.S.C. § 14706(1) (emphasis added). The Carmack Amendment completely preempts all common law theories and remedies arising out of loss or damage to an interstate shipment of goods. *Hughes,* 829 F.2d at 1412. Indeed, the Supreme Court has held that the Carmack Amendment broadly preempts State law claims arising from the transportation of goods in interstate commerce. See, *Adams Express*, 226 U.S. at 505-506 (declaring that the Carmack Amendment "embraces the subject of the liability of the carrier" and that "almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress

intended to take possession of the subject, and supersede all state regulation with reference to it.").

Additionally, Congress has demonstrated its complete dominion over the subject of interstate transportation of goods through the Interstate Commerce Commission Termination Act ("ICCTA"), which state that "a state may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of any motor carrier." 49 U.S.C. § 14501(c)(1). The Supreme Court has interpreted ICCTA preemption broadly as well. See, *Rowe v. N.H. Motor Transp. Ass'n*, 522 U.S. 364, 367 (2008).

Because Plaintiff's claims are premised in common law, the Complaint is completely preempted and must be dismissed. Plaintiff's Complaint arises from requests in March and April 2016 by Plaintiff of CELTIC to transport cargo in interstate commerce. (Ex. 1, ¶¶ 4, 18). It is further alleged that the shipments were tendered to a motor carrier, GSN Transport, and that no all the product was delivered. (Ex. 1, ¶¶ 5, 7, 19, 21). These allegations demonstrate that Plaintiff's Complaint arises from a claim for losses to cargo transported interstate by motor carrier, GSN Transport. Accordingly, Plaintiff's theory of liability and remedy lies exclusively under the Carmack Amendment. The claims for breach of contract are preempted and must be dismissed because each of these claims arise from the subject of the interstate transportation of the cargo. Therefore, CELTIC's Motion to Dismiss must be granted.

**B.      Applying the Carmack Amendment, Plaintiff's claims must also be dismissed because Celtic is a freight broker, to which the Carmack does not apply.**

The Carmack Amendment to the Interstate Commerce Act provides shippers with the right to recover for losses caused by motor carriers. See 49 U.S.C. § 14706; *Allied Tube & Conduit Corp. v. S. Pac. Transp. Co*., 211 F.3d 367, 369 (7th Cir. 2000). A motor carrier is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. §

13102 (14). <u>The Carmack Amendment does not govern persons who serve as brokers rather than carriers</u>. See *Lumbermens Mut. Cas. Co. v. GES Exposition Serv., Inc*., 303 F. Supp. 2d 920, 921 (N.D. Ill. 2003)(emphasis added). A broker is defined as "a person, other than a motor carrier…that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2) (2008). The Code of Federal Regulations further distinguishes carriers from brokers, and states that "motor carriers…are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a).

Courts have enforced the language in the Carmack amendment in that it does not apply to freight brokers. Indeed, this Court has specifically held that "the Carmack Amendment applies to carriers and freight forwarders but not to brokers." *Mach Mold Inc. v. Clover Assocs.*, 383 F. Supp. 2d 1015, 1029 (N.D. Ill. August 17, 2005); see also *Dabecca Natural Foods, Inc. v. RD Trucking, LLC*, 2015 U.S. Dist. LEXIS 65680 (N.D. Ill. May 20, 2015); *Infinity Air, Inc. v. Echo Global Logistics, Inc*., No. 2013 U.S. Dist. LEXIS 87540, at *2 (D. Or. June 20, 2013)

CELTIC is entitled to dismissal of Plaintiff's claims premised in the Carmack Amendment because Plaintiff does not plead any facts demonstrating, or otherwise reasonably inferring, that CELTIC acted as a carrier for the subject loads of lost cargo. In addition, CELTIC is registered as a licensed freight broker by the Federal Motor Carrier Safety Administration. (See CELTIC broker Registration Information on file with the Federal Motor Carrier Safety Administration attached as Exhibit 2).

Plaintiff specifically pleads that CELTIC retained GSN Trucking to haul the loads from their points of origin to destination. (Exhibit 1, ¶¶ 5, 19). Further, the two "Bill of Lading Delivery Receipts" (Pages 44 and 45 of Exhibit 1) attached as part of Plaintiff's Group Exhibit A, identify the carrier as GSN Trucking. Plaintiff's own delivery invoices (Pages 18-21 of Exhibit 1) attached a part of Plaintiff's Group Exhibit A, also identify GSN Trucking as the carrier for the shipments.

As for Plaintiff's Group Exhibit B to its Complaint, Plaintiff's own delivery invoices (Pages 48-49 of Exhibit 1), identify GSN Trucking as the carrier for the shipments. Further, the two "Bill of Lading Delivery Receipts" (Pages 55 and 56 of Exhibit 1) attached as part of Plaintiff's Group Exhibit B, also identify the carrier as GSN Trucking.

Moreover, the Carmack Amendment provides that:

> (1)…<u>A carrier providing transportation or service…shall issue a receipt or bill of lading for property it receives for transportation</u>….

49 U.S.C. § 14706(1)(emphasis added).

The Bills of Lading identified above and that are included in Plaintiff's Group Exhibits A and B to its Complaint, appear to have been issued by Calling All Ships LLC and ARL Network. None of the Bills of Lading indicate that they were issued by CALTIC. Moreover, CELTIC is not identified as the carrier on any Bill of Lading or other documents. Therefore, CELTIC's Motion to Dismiss must be granted.

## IV. CONCLUSION

Plaintiff's claims are specifically governed by the Carmack Amendment, and thus, the breach of contract claims must be dismissed. Moreover, Plaintiff cannot state a claim against CELTIC under the Carmack Amendment because it is a freight broker, over whom the Carmack

Amendment does not apply. Accordingly, Plaintiff's Complaint at Law must be dismissed with prejudice.

Dated this 8th day of May 2020.

                                                    CELTIC INTERNATIONAL, LLC, Defendant

                                    By:    /s/ Jason Orleans
                                                  Jason Orleans
                                                  jorleans@ocnlaw.com
                                                  Bradley A. Bertkau
                                                  bbertkau@ocnlaw.com
                                                  Orleans Canty Novy, LLC
                                                  65 E. .Wacker Place, Suite 1220
                                                  Chicago, IL 60101
                                                  Telephone: (847) 625-8200